UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WATSON

       Plaintiff,                     CASE NO. 05-72989

-vs-                                     PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

BORTZ HEALTH CARE OF ROSE CITY
An assumed name for ROSE CITY GERIATRIC
VILLAGE, INC., a Michigan Corporation, and
BORTZ HEALTH CARE FACILITIES, INC., a
Michigan Corporation, Jointly & Severally

       Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER VENUE**

     Now before the Court is Defendants' Bortz Health Care of Rose City, and Bortz Health Care Facilities, Inc. ("Defendants") Motion to Transfer Venue and Reassign Case to the Northern Division where the Plaintiff Resides and the Case Arose.

## **BACKGROUND:**

     Plaintiff filed the instant sex discrimination lawsuit, which arose out of his employment as a nurse's aide at Bortz Health Care of Rose City, located in Ogemaw County in the Northern Division of the Eastern District of Michigan, on August 1, 2005. Plaintiff's Complaint charges Defendants with discriminating against him based on his sex. Plaintiff alleges that Defendants suspended and then terminated him because he is a male, in violation of federal Title VII and Michigan's Elliott-Larsen Civil Rights Act.

Defendants answered the Complaint on September 7, 2005. In Defendants' Answer, they disputed that venue was proper in the Eastern District of Michigan, Southern Division. Defendants filed the instant motion on October 12, 2005. Defendants contend that this case should be transferred to the Northern Division of the Eastern District of Michigan.

## ANALYSIS

### A.     Standard of Review

District courts have wide discretion to transfer an action under 28 U.S.C. § 1404(a) in order to "prevent waste of time, energy and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 95-96 (E.D. Mich. 1991) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In making this decision, the Court should consider private interests such as whether: "(1) the action could have been brought in the proposed transferee-court; (2) a transfer would promote the interests of justice; and (3) a transfer would serve the parties' and the witnesses' convenience." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 936 (E.D. Mich. 2001) (citing *United States v. P.J. Dick, Inc.*, 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000).

The Court also considers public interests such as "court docket congestion; burden on the community if no connection with the case; local interest in having localized controversies decided at home; and the court's familiarity with governing law." *Penwest Dev. Corp. v. Dow Chemical Co.*, 667 F. Supp. 436, 439 (E.D. Mich. 1987).

The movant bears the burden of demonstrating that "fairness and practicality strongly favor the forum to which transfer is sought." *Id.* (quoting *Rowe v. Chrysler Corp.,* 520 F. Supp. 15, 16 (E.D. Mich. 1981). The movant must make this showing by a preponderance of the evidence. *Id.* (citing *International Union, U.A.W. v. Aluminum Co. of Am.*, 875 F. Supp. 430, 433 (N.D. Ohio 1995)).

Notwithstanding the provisions in 28 U.S.C. § 1391(e), Congress has enacted venue provisions specifically designed to apply to federal employment discrimination actions such as the one at bar:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this title [42 USCS §§ 2000e et seq.]. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28 of the United States Code, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). These venue provisions supercede the more general provisions of 28 U.S.C. § 1391. *Moynihan v. Henderson*, Case No. 5:00-CV-88, 2000 U.S. Dist. LEXIS 18939, at *3-*4 (W.D. Mich. Dec. 15, 2000) (unpublished) (citations omitted).

**B.     Discussion**

The Court finds that the balance of the factors support transfer of this case to the United States District Court for the Eastern District, Northern Division.

As a preliminary matter, the Court finds that Local Rule 83.10 does not support a transfer

of venue. Local Rule 83.10 states at the very beginning that the rule is to apply "[except as provided in LR 83.11." Importantly, Rule 83.11 concerns the assignment and reassignment of civil cases to judges, whereas Rule 83.10 pertains to the assignment of civil cases to places of holding court. Because this Court is located in Detroit, the Clerk employs a random method of assignment of civil cases rather than assigning cases to a place of holding a court per Rule 83.10. Thus, the Court finds that Rule 83.10 is not applicable to these proceedings.

Further, 42 U.S.C. § 2000e-5(f)(3), cited by Defendant in its Reply, does not advance Defendants' claim. As noted above, this section of Title VII indicates that venue may be proper in any judicial district in the state where the alleged discrimination occurred. Thus, under this statute, venue is still proper here in the Southern Division.

**1. Private Interest Factors**

Therefore, the Court must decide whether venue should be transferred under 28 U.S.C. § 1404. In evaluating a motion brought under § 1404(a), the Court must weigh the following factors: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of processes to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice." *McNic Oil & Gas Co. v. Ibex Resources Co.*, 23 F. Supp. 2d 729, 738-39 (E.D. Mich. 1998) (quoting *Helder*, 764 F. Supp. at 96). "[T]he Court may consider any factor that may make any eventual trial 'easy, expeditious, and inexpensive.'" *Helder*, 764 F. Supp. at 96 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

        a.      *Deference to Plaintiff's Choice of Forum*

When analyzing party convenience, a plaintiff's choice of forum will be given substantial deference. *Audi AG & Volkswagen of America, Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1023 (E.D. Mich. 2002) (citing *Grand Kensington LLC v. Burger King Corp.,* 81 F. Supp. 2d 834, 836 (E.D. Mich. 2000)). However, this substantial deference "'applies with less force' where, as here, the plaintiff is foreign." *Penwest Dev. Corp. v. Dow Chemical Co.*, 667 F. Supp. 436, 439 (E.D. Mich. 1987) (citation omitted). A plaintiff's chosen forum is not sacrosanct, and will not defeat a well-founded motion for change of venue. *Thomas*, 131 F. Supp. 2d at 937 (citing *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 399 (E.D. Mich. 1994)). This is especially true where a plaintiff has little or no connection to the chosen forum. *United States v. Cinemark USA, Inc.,* 66 F. Supp. 2d 881, 889 (N.D. Ohio 1999).

Plaintiff's only evident connection with the Southern Division is that it is the district in which Plaintiff's counsel is located. Not only does Plaintiff not reside within the Southern Division, but there is no evidence that he ever set foot in Defendants' offices located within this Division. Thus, Plaintiff's lack of connection to this forum weighs in favor of transfer.

Furthermore, the relative size and resources of the parties is also a consideration in assessing inconvenience to the parties. *Country Maid, Inc. v. Haseotes*, 312 F. Supp. 1116, 1118 (E.D. Pa. 1970). Here, although Plaintiff's counsel states that Plaintiff would not be inconvenienced by pursuing the litigation in the Southern Division, Plaintiff is an individual who does not reside within this Division while Defendants are corporations with numerous employees located in the Northern Division who may testify in this matter. Therefore, this factor also supports venue transfer to the Northern Division.

    b.  *Witness Related Factors*

Convenience of the witnesses is one of the most important factors in determining whether to grant a motion to change venue under § 1404(a). *Thomas*, 131 F. Supp. 2d at 937 (citing *Hunt v. TACA Int'l Airlines, S.A.*, No. 93-3723, 1994 WL 285023, at *2 (E.D. La. June 22, 1994) (unpublished)). Federal courts have considered convenience of the witnesses to be "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a)." *McNic Oil*, 23 F. Supp. 2d at 739 (quoting 15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d §* 3851 (2d ed. 1986)). In weighing the convenience of the witnesses, residence of the key witnesses is more important than the raw number of witnesses living in a particular jurisdiction. *Id.* (citing *SMI-Owen Steel Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 113 F. Supp. 2d 1101, 1105 (S.D. Tex. 2000)). Likewise, "in determining whether witness inconvenience warrants a change of venue, a court should not be persuaded merely by the number of prospective witnesses residing in a particular location, but rather by the materiality of their anticipated testimony." *Raymond Danto, Associates, Inc v. Arthur Little, Inc,* 316 F. Supp. 1350, 1357 (E.D. Mich 1970). "To substantiate a claim of inconvenience to witnesses, a party should provide each witness's name and a summary of the anticipated testimony to enable the court to assess the significance of the testimony." *Steelcase, Inc. v. Mar-Mol Co.*, 210 F. Supp. 2d 920, 940 (W.D. Mich. 2002). One chief witness's convenience, in fact, may outweigh the convenience of additional, less significant witnesses. *McNic Oil*, 23 F. Supp. 2d at 739. "[C]onvenience of witnesses who are also employees is considered as part of a motion to transfer and is not discounted." *Verve, L.L.C. v. Becton Dickinson & Co.*, No. 01-CV-74134, 2002 U.S. Dist. LEXIS 6483, at *7-*8 (E.D. Mich. Mar. 29, 2002) (unpublished) (citing *Thomas*, 131 F. Supp. 2d at 938-39).

Here, Plaintiff argues that Defendants failed to identify the key, non-employee witnesses who Defendants allege would be inconvenienced by having to testify at trial. Plaintiff also contends that the law does not support that traveling a distance of 350 miles round-trip is sufficient to justify a transfer of venue.

However, Plaintiff misconstrues the emphasis of the courts' holding in those cases. For instance, in *Amphion Inc. v. Buckeye Electric Co.*, 285 F. Supp. 2d 943, 947 (E.D. Mich. 2003), the Court stated that a transfer of venue was not warranted because the defendant "chose to file an action in this district on a related matter, that Plaintiff is a resident of this district and chose to file suit here, and that both parties have obtained local counsel." The Court also noted that the defendant had not listed any particular inconvenience associated with the current forum, and then stated briefly that the distance between the two forums would not support a venue transfer. Thus, contrary to Plaintiff's assertion, the Court's opinion did not depend upon the finding that the distance was not a great enough inconvenience.

Plaintiff also cites *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523 (5th Cir. 1988), and *Williams v. Kerr Glass Mfg.*, 630 F. Supp. 266 (E.D.N.Y. 1986), in support of its argument that the distance between the fora is not a valid reason to transfer this case. The Court notes that Plaintiff's argument might have merit if distance were the only factor being considered. However, as in *Amphion*, the propriety of a transfer of venue should not and does not have to rest upon the distance between the two venues. Rather, the distance that Defendants' witnesses would have to travel only supports the myriad reasons why this case deserves to be transferred to the Northern Division.

Here, the inconvenience to the witnesses factor heavily favors Defendants' position.

Although Plaintiff states that Defendants failed to supply the names of key non-party witnesses who may testify at trial, Defendants supplied in its reply the names of the numerous witnesses who work or worked at the Bortz Health Care of Rose City facility. All of Defendants' witnesses reside within the Northern Division. Significantly, Plaintiff has not supplied the Court with the name of even one witness who resides in the Southern Division. Thus, this factor supports a transfer of venue.

        c.  *Access to Sources of Proof*

A "fundamental principle" guiding the Court's analysis is that litigation should proceed "in that place where the case finds its 'center of gravity.'" *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 609 (E.D. La. 2000) (citation omitted). While "the location of physical evidence such as the wreckage of a crashed plane ought to be given more weight in the balancing analysis under § 1404(a)," "the location of documentary evidence is a minor consideration." *Cinemark*, 66 F. Supp. 2d at 890 (quoting *Picker Intern., Inc. v. Travelers Indem. Co.*, 35 F. Supp. 2d 570, 574 (N.D. Ohio 1998)).

In the instant case, Defendants affirm - and Plaintiff does not deny - that any documents related to Plaintiff's claim are located in Ogemaw County in the Northern Division. Although Plaintiff states that these documents are not voluminous, the location of the documents within the Northern Division only further affirms the expedience of a transfer of venue.

        d.  *Availability of Process to Compel Unwilling Witnesses*

Defendants concede that all prospective witnesses in the case are within this Court's subpoena power. Thus, this factor militates against transfer.

        e.  *Cost of Obtaining Willing Witnesses*

Defendants state that the cost of obtaining willing witnesses to travel to court will be significantly greater if the case is tried in this Court rather than in the Northern Division. Plaintiff responds that Defendants have not submitted any evidence of how the costs would be any greater if the case remains in this forum.

The Court holds that this factor weighs in favor of transferring the case. Despite Plaintiff's contention that Defendants presented no evidence on actual costs likely to be incurred, Plaintiff cannot dispute that the need for every single witness, including Plaintiff, to travel, at one time or another, nearly 175 miles in each direction will cost more than if the witnesses only had to travel within the county in which they work and reside.

### f. Interests of Justice

Defendants restate their above arguments to persuade the Court that the interests of justice weigh strongly in favor of transferring venue. Plaintiff states that all of the above factors are insufficient to support a transfer of venue, adding that because both Defendants' have corporate offices located in Bloomfield Hills, Michigan, which is within the Southern Division, then Defendants' assertion that the parties are all located in the Northern Division is false.

The Court finds that the interests of justice support transferring this case to the Northern Division. Plaintiff should acknowledge that not one relevant event occurred within this Division. The only contact that Plaintiff has with this forum is his choice of counsel; Defendants' only contact is that its corporate office is located within this Division. Thus, this factor supports a transfer of venue to the Northern Division.

### 2. Public Interest Factors

The Court must also consider private interest factors such as "court docket congestion;

burden on the community if no connection with the case; local interest in having localized controversies decided at home; and the court's familiarity with governing law." *Penwest Dev. Corp. v. Dow Chemical Co.*, 667 F. Supp. 436, 439 (E.D. Mich. 1987).

Neither party has discussed whether either forum has a congested court docket, so this factor is neutral in this analysis.

As to the burden on the community, Defendants state that it is unfair to burden jurors in the Southern Division with trying a cause of action that occurred in Ogemaw County, in the Northern Division. Plaintiff makes no argument on this point. Because it is undisputed that none of the events occurred within the Southern Division, this factor weighs in favor of transfer.

Concerning the local interest factor, Plaintiff states that the Southern Division has an interest in this litigation because Defendants' parent corporation operates out of the Southern Division. Defendants argue that each judicial division has a substantial interest in reviewing the conduct in its respective division. While it is true that Defendants have offices within the Southern Division, this is the only contact besides Plaintiff's counsel that Plaintiff or Defendants have with the Southern Division. Defendants' facility where the alleged discrimination and all relevant events following the discriminatory conduct took place is located in the Northern Division. Thus, this factor weighs in favor of transferring this case to the Northern Division.

Finally, the final factor of familiarity with the governing law weighs against transfer of venue because both fora are located in the Eastern District of Michigan and would be applying federal and Michigan law to Plaintiff's claims.

**CONCLUSION**

     Because Plaintiff and all relevant witnesses reside within the Northern Division, the facility where Plaintiff was employed is located in the Northern Division, and all events relevant to this litigation occurred in the Northern Division, the Court GRANTS Defendants' Motion to Transfer Venue and Reassign Case to the Northern Division where the Plaintiff Resides and the Case Arose.

**SO ORDERED.**

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated:  January 20, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 20, 2006.

                                              s/Jonie Parker  
                                              Case Manager